By the Court.
The petition in this case sought to enjoin John A. Zangerle, as county auditor of Cuyahoga county, from “certifying and delivering to the county treasurer any assessment of the land of plaintiff made by defendant Charles R. Haydn and differing from the assessment made by the quadrennial assessors, as shown by the duplicate for 1915.” The petition also sought to enjoin the county treasurer from collecting taxes and assessments appearing upon that duplicate.
The court of common pleas sustained a general demurrer to the petition.
The court of appeals, on appeal, overruled the general demurrer to the petition, and, the defendants not desiring to answer, judgment was rendered by that court upon the demurrer.
*263 It was alleged that the county auditor appointed one Charles R. Haydn as an assistant assessor, and that at the time of his appointment Haydn was not a citizen possessing the qualifications of an elector of Ward 9, not having resided in the ward for a period of twenty days.
Section 17 of the Parrett-Whittemore act (106 O. L., 250) provides that an assessor shall be a citizen possessing the qualifications of an elector of such ward or district; and Section 18 of the same act provides that the assistant assessor shall possess all the qualifications of an elected assessor.
These sections of the law are mandatory and specifically require that the assistant assessor shall be an elector of the ward or district s'elected for appraisal. In providing for this feature the general assembly may well have had in mind a policy of requiring a resident elector to be appointed to assess property within a specified district, since a resident would have a better knowledge of conditions and values of property than a nonresident; and, as showing the solicitude of the general assembly upon that subject, by Section 22 of the same act it is provided that in case of a vacancy in the office of assessor such vacancy should be filled by the appointment of an elector of such ward or district.
In the case of State, ex rel. Godfrey, v. O’Brien, Treas., ante, 166, it was held that the provisions of the act in question, providing for the appointment of county boards of revision, were unconstitutional. Inasmuch as the framework of the act provided for an investigation of valuations and assessments made during the current year, upon *264 complaint of a taxpayer, it is self-evident, in view of the decision in question, that there can be no remedy available to'the taxpayer in the form provided in the Parrett-Whittemore 'act, and, that, shorn of this remedy, there remains to the plaintiff only an appeal to the chancery side of the court.
The judgment of the covurt of appeals is affirmed.

Judgment affirmed.

Jones, Matthias, Johnson and Donahue, JJ., concur.
Wanamaker, J., not participating.